FANNING v. LONG ISLAND RAILROAD COMPANY, appellants.

*Railroads — defective fences. Negligence. Evidence.*

A railroad company had not fenced their road at plaintiff's farm crossing, in accordance with the statutes. *Held*, that the company was liable for the loss of a steer which had passed in upon the company's track at such crossing, and was killed by one of the company's passing trains, and this liability did not depend on any consideration of negligence on the part of either party.

This question was asked, "Where was the steer when the train struck him, as indicated by the marks on the ground and track?" *Held*, proper, and calling for a fact and not an opinion.

APPEAL from a judgment of the Suffolk county court, affirming a judgment of a justice's court.

The action was for the killing by one of defendant's trains of a steer belonging to the plaintiff. By the evidence it appeared that the defendant's railroad runs through plaintiff's farm. There was, on the 30th of July, 1867, a fence on each side of the railroad, across the farm; but at a certain lane which ran through the farm and across the railroad, there was neither fence, gate or bars, nor cattle-guards. It was shown that at that point, gates or bars were necessary for plaintiff's use. On the day mentioned, about sundown, plaintiff's steer, which had wandered through this lane and on to defendant's track, was struck by a passing train and killed. The evidence of these facts were tracks, which appeared to have been made by the steer, and the circumstances that the locomotive of an evening train gave a signal to put down the brakes, and the dead body of the steer was found the following morning alongside defendant's track with marks indicating a collision with a train. On the trial in the justice's court, the jury found a verdict in favor of the plaintiff for $60, and interest from August 1, 1867.

The defendant appealed to the county court, on questions of law only. The judgment of the justice was affirmed, and from the judgment of the county court this appeal is taken.

*William Wickham,* for appellant.

*D. W. Reeve,* for respondent.

BARNARD, P. J. The defendants were liable for the killing of the plaintiff's steer, if they did kill it, because they had not fenced their road, "with openings or gates or bars therein" at the plaintiff's farm crossings, and had not constructed cattle guards sufficient to prevent cattle from getting on to their railroad. Laws of 1850, chap. 140, § 44; Laws of 1854, chap. 282, § 8; *Staats* v. *H. R. R. R. Co.,* 3 Keyes, 196; *Corwin* v. *Erie Railway,* 13 N. Y. 42; *Tracy* v. *T. & B. R. R. Co.,* 38 id. 433.

The liability does not depend upon any consideration of negligence of defendant, or contributory negligence of plaintiff.

We think the evidence sufficient to show that the defendant's locomotive killed plaintiff's animal.

The train was heard to brake up late in the afternoon, at the place where the animal was found dead the next morning, on the north side of defendant's track, where marks in the dirt indicated that the steer had been dragged along after being struck. Blood was found on the north rail, and on the cross ties.

The plaintiff was, under objection, permitted to ask this question : "Where was the steer when the train struck him, as indicated by the marks on the ground and track ?"

This question called for a legitimate fact, and not for the opinion of the witness.

The judgment should be affirmed, with costs.

*Judgment affirmed.*